Submitted on the record May 28, ballot title certified June 5, 1996

Walter HUSS,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent,*

*and*

Dale T. CRABTREE,
*Intervenor.*

(S43257)

917 P2d 1018

James E. Leuenberger, Portland, submitted the petition for petitioner.

Philip Schradle, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Dale T. Crabtree, intervenor *pro se,* filed a memorandum.

GILLETTE, J.

Fadeley, J., dissented and filed an opinion.

## GILLETTE, J.

This is an original proceeding to review a ballot title for a proposed initiative measure that would amend the Oregon Constitution. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, he is entitled to seek a different title in this court, pursuant to ORS 250.085(2).

The proposed measure would add a new Article to the Oregon Constitution. That Article would replace Oregon's present system of personal and corporate income and property taxes, fees, assessments, and other revenue-generating mechanisms with what the proposed measure styles as a "Single Tax." Various provisions in the proposed new Article define the "Single Tax," describe the way in which it is to be collected, prescribe the formula under which it is to be distributed to various taxing entities, and even set out an emergency procedure under which the tax temporarily may be augmented. The Attorney General certified the following ballot title for the measure:

"AMENDS CONSTITUTION:   REPLACES CURRENT
TAXES WITH 2 PERCENT 'SINGLE TAX'
ON TRANSACTIONS

"RESULT OF 'YES' VOTE:   'Yes' vote eliminates current state and local taxes; establishes 2 percent tax on most transactions.

"RESULT OF 'NO' VOTE:   'No' vote retains current state, local taxes; does not adopt 2 percent tax on transactions.

"SUMMARY:   Amends Constitution. Eliminates all state, local taxes, fees, assessments, bonding authority, with listed exceptions. Substitutes 2 percent tax on consideration for sales, loans, other exchanges of materials, goods, services, rentals, labor, real estate, personal property or things of value. Exempts financial institution deposits and withdrawals, loan principal payments, gifts, certain noncommercial transactions, sales of securities, pensions, insurance benefits, sales of goods and services for use outside state. Requires 60 percent vote to increase tax, adopt

local tax, repeal or amend provision. Provides for revenue distribution."

Petitioner, who is the chief sponsor of the proposed measure, challenges all parts of the Attorney General's ballot title as inadequate. We address each part of the ballot title in turn.

■ ORS 250.035(2)(a) requires a ballot title for a state measure to contain "[a] caption of not more than 10 words that reasonably identifies the subject matter of the state measure." This court reviews challenges to ballot titles only to decide whether the Attorney General's certified ballot title is in "substantial compliance" with the statutory requirements. ORS 250.085(5).

Petitioner contends that the certified Caption is misleading and that it should read "Amends Constitution: Replaces All Current Taxes With 2 Percent Gross Receipts Tax."

■ All of petitioner's arguments turn on his insistence that the Attorney General erred in refusing to call the "Single Tax" a "gross receipts tax."[1] It may be that, if petitioner's contention were well taken, it would demonstrate that the Attorney General's ballot title does not comply substantially with the requirements of law. We need not decide that question, however, because petitioner's argument is not well taken. The problems with petitioner's suggestion are that it ignores the central term of the proposed measure and that it would be misleading, because the proposed measure imposes a tax that is different in some respects from a "gross receipts tax."

First, the proposed measure explicitly refers to the taxation scheme in the measure as the "Single Tax." Section 2 of the proposed measure provides:

"One form of tax, known as the Single Tax, shall be the primary means of generating state and local government revenue, and no * * * other revenue generating mechanism shall exist in the state, except as otherwise expressly provided by this article."

---

[1] Intervenor's brief supports petitioner's position.

Notwithstanding the centrality of the term, "Single Tax," to the proposed measure, petitioner now proposes to substitute for that term another term—"gross receipts tax"—that does not appear *haec verba* anywhere in the proposed measure.

It is true, as appears to be implicit in petitioner's argument, that a slavish devotion by the Attorney General to the words of the measure is not appropriate, at least where use of those words would do nothing to advance the understanding of the voters as to the purpose of the measure. But there is no reason to assume that using the words of the measure would mislead the voters in this case. The term, "Single Tax," which is *sui generis*, is fleshed out in the rest of the ballot title, enabling a voter to know what idea is central to the proposed measure.

On the other hand, and as petitioner himself acknowledges, the term that petitioner prefers—"gross receipts tax"—while defined by a statute, is not commonly understood. Use of that term, particularly in the Caption, has a significant potential to mislead.

We say "mislead," because it appears to us that describing what would be created by the proposed measure simply as a "gross receipts tax" would not be completely accurate. A "gross receipts tax" is defined by section 6 of Article II of the Multistate Tax Compact[2] as follows:

> " 'Gross receipts tax' means a tax, other than a sales tax, which is imposed on or measured by the gross volume of business, in terms of gross receipts or in other terms, and in the determination of which no deduction is allowed which · would constitute the tax an income tax."

One part of the proposed measure before us does not fit within the foregoing definition: The proposed measure would tax an *employer* for wages paid to an employee. That is an exception to the general approach of the proposed measure that requires the seller of goods or services to pay the tax on the gross volume of consideration received. That is not, under the definition that petitioner himself espouses, a "gross

---

[2] The Multistate Tax Compact has been adopted by the Oregon legislature. ORS 305.655. We therefore accept, for the purposes of discussion, petitioner's adoption of the definitions from that Act as pertinent to our decision in the present case.

receipts tax," and to characterize it as such would be misleading.

In sum, we hold that the use by the Attorney General of the term "Single Tax" in the Caption substantially complies with the requirements of ORS 250.035(2)(a). The Attorney General did not err in choosing to use that actual term from the measure in the Caption. We turn to a discussion of the "Yes" and "No" Result Statements.

ORS 250.035(2)(b) and (c) require each ballot title for a proposed measure to contain simple and understandable statements of not more than 15 words each that describe the potential result if the proposed measure is approved and if it is rejected. ORS 250.035(3) requires, to the extent practicable, that the language of the Statements parallel each other. Again, this court reviews the Statements only for substantial compliance with those statutory provisions.

Petitioner's contention that the Statements should be altered is based on the same arguments that he advanced against the Attorney General's Caption. We reject them for the reasons already set out.

■ We hold that the Attorney General's certified "Yes" and "No" Result Statements substantially comply with the requirements of ORS 250.035(2)(b) and (c), and with ORS 250.035(3).

ORS 250.035(2)(d) provides that a ballot title must contain "[a] concise and impartial statement of not more than 85 words summarizing the measure and its major effect." Petitioner makes a number of editorial suggestions in order to change the Summary to describe the tax to be imposed by the proposed measure as a "gross receipts tax" and then to add descriptive terms distinguishing a "gross receipts tax" from a "sales tax." We reject petitioner's suggested changes in the Summary for one reason: We are not persuaded by his argument that the term "gross receipts tax" is one that must be used in this ballot title. Without that premise, the balance of petitioner's argument falls.

We hold that, with respect to the argument presented, the certified Summary reasonably summarizes the

major effects of the proposed measure. Consequently, it substantially complies with the requirements of ORS 250.035(2)(d).

We certify the Attorney General's ballot title to the Secretary of State without modification.[3]

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).

**FADELEY, J.,** dissenting.

I dissent from the court's certification of the proposed ballot title. These constitutional amendments prohibit all forms of revenue raising except the new forms that are specified in the amendments. The verb "replaces" in the proposed title is not a synonym for "prohibits." Its use is misleading.

Moreover, use of "replaces" implies that the measure will produce the same amounts of revenue as are produced by all current means of raising state or local revenue which the measure prohibits. Yet, there is no such guarantee or flexibility in the measure. Its provisions contemplate shortfalls in funding, not "replacement" at current levels. Using the word "replaces" is, under the circumstances, an argument in favor of the measure but not an accurate description of it.[1]

Nor are the prohibitory amendments proposed by the measure limited to taxes. The prohibitions cover all "revenue generating mechanism[s]" related to state or local government except the new 2 percent transaction tax or taxes and certain other exceptions as specified in the measure. The measure both (1) imposes the new tax and (2) prohibits all other "revenue generating mechanism[s]" not expressly excepted. There are exceptions stated in the measure, but

---

[3] The dissent asserts that we are certifying an "inaccurate" ballot title. As is pertinent here, the scope of our review of a ballot title is limited by ORS 250.085(6) to arguments presented to the Secretary of State. The arguments that the dissent find persuasive were not presented to the Secretary of State; we are foreclosed from considering them.

[1] The measure does not say its tax replaces other taxes or revenues. "Replaces" is not a word found in the measure at all. It is not taken from the language of the measure, any provision of the measure, or any interpretation of the measure claimed by its supporters.

those are limited so that many "revenue generating mechanism[s]" are prohibited, in addition to prohibiting all other taxes.

The sponsor challenges the title, on different but related grounds to those that form the reasons for this dissent. Documents necessary for a decision reached this court on May 20, 1996. The court has acted in two weeks thereafter, oral argument having been waived. A normal orderly process for checking over the opinions of the court, notifying the parties, and preparing for public release of the decision has consumed three more days. Regrettably, our accuracy does not match our alacrity.

It is true that the statutory scheme directs the court not to "consider arguments * * * not presented in writing to the Secretary of State." But some of those making "arguments" in this case were responding to a "summary" of the measure prepared by the Secretary of State, not to the full text of the measure that has come before this court. Commenters Johnson and Huss pointed out that "all" should be in the caption to describe the taxes affected. Sponsor Huss argued that the word "eliminates" should be used in the "yes" vote statement, not the word "replaces." That argument for use of "eliminates" actually supports use of "prohibits" in the caption and "yes" vote statement, because this state does not have many of the taxes prohibited, such as a general retail sales tax. Thus, while it is not a "current tax" that is subject to being "eliminated," the sales tax is "prohibited" nonetheless. The measure imposes one new tax on all defined transactions, including those for payments of wages. It prohibits all other forms of taxes and many methods of generating revenue, whether or not the State of Oregon, or its local subdivisions impose that kind of tax or use that kind of method. Another commenter, Holliday, points out that it is "revenue generating *methods*," not just taxes, that the measure covers. Those arguments suggest that the proposed ballot title should be altered, and are on point at the areas where this opinion would cause changes to be made.

The purpose for and use of a ballot title is not to inform the sponsors; they know what the initiative is about. It is instead to inform the voters, starting with those asked to

sign the initiative petition in order to qualify it for the ballot. *Rooney v. Kulongoski*, 322 Or 15, 25, 902 P2d 1143 (1995). The ballot title is also especially intended for informational use of the voters at the general election. I cannot certify this title to them. Its material parts are not accurate.[2] I dissent.

[2] A sponsor of this measure is the only petitioner for review of the Attorney General's proposed ballot title. The sponsor does not make the argument that "replaces" is inaccurate and that "prohibits" should be substituted. The sponsor does not make the argument that the prohibition covers not only taxes but also some other methods of generating revenue and thus that "taxes" alone is not accurate. Nonetheless, the measure has that subject and effect, and I cannot certify to the voters a title that misleads, whether the inaccuracy has the effect of favoring or opposing adoption of the measure. A ballot title review proceeding always involves unrepresented silent third parties—the some two million eligible voters of Oregon. When this court certifies a ballot title, it is primarily for the voters' use and is not simply the disposition of some private litigation between a measure's sponsor and the attorney general. In my view, the court hearing a ballot title challenge cannot be required to certify an inaccurate title, nor should it do so by default under a broad application of the statute about not considering *"arguments"* not submitted in writing to the Secretary of State, ORS 250.085(6). As demonstrated in the text, the "arguments" of commenters to the Secretary of State are broad enough to support the changes needed to inform the voters accurately.